IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHAYLYNN REID, | CV 22–176–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| LAKE COUNTY, MONTANA, et al., | |
| Defendants. | |

Plaintiff Shaylynn Reid is currently an inmate at the Montana Women's Prison. *See* Montana Dept. of Corrections *Offender Search*, https://app.mt.gov/conweb/ (accessed April 24, 2024). On October 27, 2022, Reid filed a motion to proceed in forma pauperis and lodged a complaint under 42 U.S.C. § 1983 alleging violations of her constitutional rights while she was incarcerated at the Lake County Jail in Polson, Montana. (Docs. 1, 2.) Reid's request to proceed in forma pauperis was granted and the case was stayed pending resolution of a class action challenging the conditions of confinement at that facility. (Doc. 3.) After the stay was lifted, (Doc. 4), Reid was directed to file an amended complaint, "stating any remaining claims that were not fully and fairly litigated in the class action." (Doc. 6). Although her Amended Complaint as written fails to state a claim, Reid will be given one more opportunity to amend all but her claims challenging the conditions of confinement, which were fully and fairly litigated in the class action.

1

I.  **Prescreening**

Because Reid is a state prisoner proceeding in forma pauperis, her complaint must be reviewed under 28 U.S.C. §§ 1915(a)(1), 1915A. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se*

pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## II. Statement of the Case

Reid is incarcerated at the Montana Women's Prison. She is proceeding in forma pauperis and without counsel. (*See* Docs. 3, 7.) Reid was confined at the Lake County Detention Center from 2020 to 2022, (*see* Doc. 7 at 6), though the record is unclear as to whether she was a pretrial detainee or convicted person during that time. She names as defendants the Lake County Jail, commanders Sheer and Todd, detention officers Rodgers and Cunningham, and Sheriff Don Bell, but does not indicate whether she is suing the defendants in their individual or official capacities. (*Id.* at 2–3.) Reid generally alleges violations of her rights to privacy, medical care, and access to adequate sanitation, hygiene, and self-care products. (*See id.* at 3.) More specifically, Reid claims that Cunningham violated her privacy by "texting a former [detention officer] (who was recently fired for having communication with [her]) about everything [she] was doing in the Jail," and Rodgers violated her privacy by "giving [her] mail to the former [detention officer] Zack Buff." (*Id.* at 6.) Additionally, Reid alleges Lake County detention officers refused to allow her to file a grievance on at least one occasion and refused to give her prescribed medications. (*Id.*) She seeks $100,000 in damages for her

mental anguish and to expose the poor conditions of confinement at the Lake County Jail. (*See id.*)

## III. Claims

Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983). Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal quotation marks omitted). For the reasons discussed below, Reid fails to state any claims under § 1983, but she will be given another opportunity to amend her complaint to include additional facts essential to her claims as outlined below.

### A. Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). In addition, a prisoner has a protected First Amendment to be present when her civil legal mail is opened, and a Sixth Amendment right to be present when her criminal legal mail is opened. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1209–10 (9th Cir. 2017).

Prison officials must institute procedures for inspecting "legal mail" but such procedures need only pertain to mail sent between attorneys and prisoners. *Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974). "Mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." *Hayes*, 849 F.3d at 1211 (quoting *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)).

Further, the Due Process Clause of the Fourteenth Amendment "prohibits any state deprivation of life, liberty, or property without due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Reid claims "DO Rodgers violated my privacey [sic] by giving my mail to the former DO Zack Buff." (Doc. 7 at 6.) Even under the liberal pleading standard applicable to *pro se* complainants, these facts are insufficient to state a claim under the First, Sixth, or Fourteenth amendments. Reid fails to explain the circumstances around the mail incident in sufficient detail for the Court to determine if the incident implicated her constitutional rights. *See Benavidez*, 993 F.3d at 1144. Critically, she has not alleged that the mail was "legal mail," or indicated whether it was incoming mail that the detention officer opened in her presence or incoming

5

or outgoing mail intercepted by the officer that was never returned to her or sent to her intended recipient. As such, her contentions as currently pled fail to state a claim for relief, though she may be able to amend to correct these deficiencies.

In order to state a claim that prison officials violated her property right or right to send and receive mail or be present when her mail is opened, Reid must specify: (1) what injury she suffered as a result of the officer's alleged actions, including which mail she contends was improperly handled; (2) if it was legal mail, whether it was opened in her presence; (3) the dates of the mail; (4) to or from whom this mail was sent or received; and (4) whether she received a meaningful postdeprivation remedy for any actual property loss. *See Hayes*, 849 F.3d at 1211 (citing *Twombly*, 550 U.S. at 570). Without these facts, Reid fails to state a claim.

### B. Grievances

The First Amendment also "guarantees a prisoner a right to seek redress of grievances from prison authorities and as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005) ("Prisoners' grievances, unless frivolous . . . , concerning the conditions in which they are being confined are deemed petitions for redress of grievances and thus are protected by the First Amendment.")); *see Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir.

2017) (describing these rights as "[t]he most fundamental of the constitutional protections that prisoners retain").

Reid alleges that "D.O. Cunningham violated [her] privacey [sic] by texting a former D.O. (who was recently fired for having communication with [her]) about everything [she] was Doing in the Jail [and] Also refused to give [her] a grievence [sic] to file about the situation." (Doc. 7 at 6.)[1] Although Reid has a First Amendment right to file grievances, those grievances must not be frivolous. *Hansen*, 400 F.3d 1005. Here, without more, Reid's allegations fall short of establishing a non-frivolous grievance. Because Reid does not allege that the information Cunningham shared about her was protected information, such as confidential medical information or legal information, her claim provides insufficient facts "to support a cognizable legal theory." *L.A. Lakers*, 869 F.3d at 800. However, Reid may be able to amend this claim to include additional information regarding which of her privacy right(s) were violated by Cunningham's text messages and how that might form the basis of a nonfrivolous grievance.

---

[1] It appears that Reid was able to file a grievance about the mail incident with DO Rodgers because she attests that she filed a grievance with the Lake County Jail about "D.O. Rodger[s] violating my privacey [sic] by giving former D.O[] Zack Buff," and she did not receive a response. (Doc. 7 at 8.)

7

## C. Medical Care

The government has an "obligation to provide medical care for those whom it is punishing by incarceration" consistent with a "deliberate indifference" analysis under the Eighth Amendment's Cruel and Unusual Punishment Clause. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). Likewise, the Fourteenth Amendment's Due Process Clause provides such protection for pretrial detainees, albeit subject to a more exacting "objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018). Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett v. Morgan*, 296 F.3d 732, 745–46 (9th Cir. 2002); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) ("[A detainee] would have no claim for deliberate medical indifference unless the denial was harmful.").

The Ninth Circuit has set forth the following essential elements of a pretrial detainee's medical care claim against an individual defendant:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the

consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon*, 888 F.3d at 1125.

Reid alleges that "Lake County Jail refused to give [her] Hep. C Treatment medication that was sent with [her] from [Montana Women's Prison]." (Doc. 7 at 6.) This very well could state a claim; however, Reid fails to state which individual defendants were directly involved in denying her medication, whether the denial was intentional or unintentional, how long her medication was denied, or if that the delay led to Reid suffering any injury. *See Hallett*, 296 F.3d at 745–46. Accordingly, Reid's allegations of unconstitutional medical care fail to state a claim as pled, but she will be allowed to amend.

### D. Specific Individual Defendants

Reid fails to state a claim against Sheriff Bell or commanders Sheer and Todd. A plaintiff must present factual allegations against each individual defendant sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676–77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). Here, Reid makes no allegations that Sheriff Bell or commanders

Sheer or Todd personally had anything to do with the particular decision-making in any of the incidents to which she objects.

To impose liability under § 1983 against a supervisor, such as Sheriff Bell or commanders Sheer or Todd, a plaintiff must establish that the supervisor had prior knowledge of the unconstitutional conduct committed by his or her subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235, at *14 (D. Mont. 2014) (*citing Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011)); *see also Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). Allegations against supervisors that resemble "bald" and "conclusory" allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937, 940 (9th Cir. 2012) (quoting *Iqbal*, 566 U.S. at 681). Thus, Reid must allege sufficient facts to plausibly establish each individual defendants' "'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (quoting *Starr*, 652 F.3d at 1207). But here, Reid makes no specific allegations against Sheriff Bell or commanders Sheer and Todd, failing to state claims against them. Because this deficiency can be cured by amendment, Reid will be given the opportunity to amend.

### E. General Conditions of Confinement

In her Amended Complaint, Reid alleges the following conditions of confinement violated her rights to personal hygiene items and amounted to hazardous and unhealthful conditions:

- Was given dirty and already used razors[;]
- Denied adequate amount of feminen hygeine [sic] products[;]
- Given cleaning product with no labels[;]
- Sewer back-up numerous times and we'd have to sit with it in our cell for hours and only given a mop to clean it up[;]
- Never given proper sanitation (house in contaminated housing)[;]
- Skin condition arose at the facility[.]

(Doc 7 at 5.) But Reid's original complaint also alleged that the conditions of confinement at the Lake County Jail were unconstitutional and illegal. (*See* Doc. 2 at 7–8.) That claim was subsumed by the certified class action, Cause No. CV 22–127–M–DWM. (Doc. 3.) The class included "all persons incarcerated at Lake County Jail as of September 3, 2021[, through October 11, 2022], as well as current and future inmates." (Doc. 49 at 24, Cause No. CV 22–127–M–DWM.) After the class claims were resolved and the stay lifted, Reid was directed to file an amended complaint, "stating any remaining claims that were not fully and fairly litigated in the class action." (Doc. 6 at 2.) As Reid's present claims challenging the general conditions of confinement at the Lake County Jail *were* fully and fairly litigated in the class action and that matter was dismissed with prejudice pursuant to the terms of the Settlement Agreement, (*see* Cause No. CV 22–127–M–DWM,

Doc. 137), new claims on those same grounds are not cognizable. Because this deficiency cannot be cured by amendment, any and all claims related to general conditions of confinement at the Lake County Jail are dismissed with prejudice.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Any and all claims challenging the general conditions of confinement at the Lake County Jail are DISMISSED with prejudice.

2. Within twenty-one days of this Order, Reid may file a second amended complaint consistent with this Order.

3. The Clerk of Court is directed to provide Reid with another Amended Complaint form. The Second Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or Amended Complaint by reference.[2] Reid's Second Amended Complaint must consist of **short, plain statements** telling the Court: (1) the rights Reid believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what *each* defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Reid's rights;

---

[2] Although Reid's original complaint, (Doc. 2), contains more factual details than her amended complaint, (Doc. 7), Reid should note that each amended complaint supersedes the previous one, meaning the Court considers only the allegations in the most recent pleading. *See Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019).

(5) when the alleged actions took place; and (6) what injury Reid suffered because of that defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

3. If Reid fails to file a timely Second Amended Complaint, the Court will dismiss the action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

4. At all times during the pendency of this action, Reid must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 25th day of April, 2024.

11:38 A.M.

Donald W. Molloy, District Judge
United States District Court